# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| U.S. BANK TRUST COMPANY NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2023-1, <br><br> Plaintiff, <br><br> v. <br><br> CASTLECARE UNLIMITED, L.C., a Missouri limited liability company, <br> **Serve**: Connie Bobo, Reg. Agent <br> 1876 Spring Mill Creek <br> St. Charles, MO 63303 <br><br> CONNIE BOBO, an individual, <br> **Serve**: 1876 Spring Mill Creek <br> St. Charles, MO 63303 <br><br> UNITED STATES OF AMERICA, <br> **Serve**: Thomas C. Albus, <br> United States Attorney for Eastern District of Missouri <br> 111 S. 10th Street <br> St. Louis, MO 63102 <br><br> UNITED STATES DEPARTMENT OF JUSTICE, and <br> **Serve**: Pamela Bondi, <br> United States Attorney <br> 950 Pennsylvania Avenue NW <br> Washington DC 20530 <br><br> PAMELA BONDI, AN INDIVIDUAL IN HER CAPACITY AS UNITED STATES ATTORNEY <br> **Serve**: Pamela Bondi <br> 950 Pennsylvania Avenue NW <br> Washington DC 20530 <br><br> Defendants. | Cause No.: 4:25-cv-1411 |

**COMPLAINT**

Plaintiff U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-1 ("Lender") for its Complaint against defendants respectfully states and alleges as follows:

**Nature of Action**

1.  Lender holds a Term Note (the "Note") and a Deed of Trust, Security Agreement and Assignment of Leases and Rents (the "DOT").  Castlecare Unlimited, L.C. ("Debtor") is the debtor under the Note and the trustor under the DOT.  Debtor has breached its obligations under the Note and the DOT.  Lender has accelerated the amount of the debt and is seeking to sell the underlying real property, 2 Depaula Trail, Saint Charles, Missouri 63301 (the "Property"), at foreclosure.  Lender's efforts to secure a title policy in connection with the foreclose have been impeded by The United States of America ("USA"), the United States Department of Justice ("USDOJ"), and/or Pamela Bondi's ("Bondi") (together the "Government Defendants").  The Government Defendants have recorded a lis pendens in the chain of title for the "Property".  As of the filing of this Complaint, the Government Defendants do not have an interest in the Property.  If the Government Defendants have an interest Lender is unaware of or if the Government Defendants obtain an interest after the filing of this Complaint, the interest of the Government Defendants is and will be subordinate to Lender's interest.  Lender's security interest has priority.  Lender brings this action to confirm its priority, to quiet title in the Property as between Lender and the Government Defendants, and to obtain a judgment authorizing Lender to sell the Property at foreclosure.

**Parties**

2. Lender is a National Association in good standing with power and authority to bring this action as trustee and for the benefit of the Velocity Commercial Capital Loan Trust 2023-1.

3. Debtor is a Missouri limited liability company in good standing with, on information and belief, a principal place of business in St. Louis County, Missouri.

4. Bobo is a citizen of the state of Missouri, is being criminally prosecuted by USA, which prosecution is being utilized to justify USA's claimed interest in the Property, and was the original conveyor of the Property to Debtor.

5. USA is the federal government who has improperly and/or prematurely asserted a lis pendens pertaining to the underlying property without first obtaining a judicially recognized interest in the same.

6. USDOJ is the arm of the federal government and/or federal entity who has improperly and/or prematurely asserted a lis pendens pertaining to the underlying Property without first obtaining a judicially recognized interest in the same.

7. Bondi is an individual who, in her capacity as United States Attorney, authorized USDOJ to improperly and/or prematurely assert a lis pendens pertaining to the underlying Property without first obtaining a judicially recognized interest in the same.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1367. Specifically subject matter jurisdiction is proper in this Court by virtue of 28 U.S.C. § 2409a (the "Quiet Title Act") and the fact that all other claims stated herein arise out the same nucleus of operative facts.

9. Pursuant to § 506.500, this Court has personal jurisdiction over Debtor and Bobo as each of them makes and made transactions within the State of Missouri, owned, used, and possessed real property within the State of Missouri, and entered into contracts within the State of Missouri.

10. This Court has personal jurisdiction over USA, USDOJ, and Bondi, as such Defendants have waived sovereign immunity to the instant action under 28 U.S.C. § 2409a, and such action is explicitly authorized under said statute.

11. Venue in this Court is proper as Defendants can be found within the Eastern District of Missouri and this action pertains to a disputed title of real property located in Eastern District of Missouri.

## Background

12. On or about September 27, 2022, Bobo executed a Quit Claim Deed conveying the Property to Debtor. A copy of the Quit Claim Deed is attached hereto as **Exhibit A.**

13. On or about October 28, 2022, Debtor, by and through its sole member, Bobo, executed a Term Note (the "Note") and Deed of Trust (the "DOT") with Velocity Commercial Capital, LLC. A copy of the Note is attached hereto as **Exhibit B**. A copy of the DOT is attached hereto as **Exhibit C.**

14. The DOT was subsequently recorded on or about November 2, 2022.

15. Pursuant to the terms of the DOT, Velocity Commercial Capital, LLC obtained a security interest in the Property, which interest was perfected as a result of the recording of the DOT.

16. On or about June 8, 2023, Velocity Commercial Capital, LLC assigned to Lender all right, title, and interest of Lender in, to, arising out of, or arising under the Note and DOT, including but not limited to any security interest in the Property conveyed to Velocity Commercial Capital, LLC therein. A copy of the Assignment of Collateral Agreements and Other Loan Documents is attached hereto as **Exhibit D**.

17. As a result of the foregoing, the Property was and is subject to a DOT held by Lender.

18. On, October 25, 2023, USA, by and through Bondi and the USDOJ, instituted a criminal proceeding against Bobo captioned United States v. Bobo, and bearing Cause Number 4:23-cr-00578, which proceeding is currently pending in the Federal District Court for the Eastern District of Missouri (the "Criminal Proceedings"). A copy of the criminal complaint against Bobo is attached hereto as **Exhibit E**

19. As part of the Criminal Proceedings, USA is seeking forfeiture of current assets owned by Bobo, including her interest in the Property, if any.

20. In connection with its request for asset forfeiture, USA, by and through Bondi and USDOJ, caused to be recorded a lis pendens (the "Lis Pendens") in connection with the Property. A copy of the Lis Pendens is attached hereto as **Exhibit F**.

21. Debtor is in default of its obligations under the Note, and Lender has placed Debtor on notice of such default, and its intent to exercise its rights under the DOT.

22. Lender has sought to foreclose the Property pursuant to its rights under the DOT and Missouri law.

23. Because the Government Defendants recorded the Lis Pendens in the chain of title for the Property, Lender is unable to complete a non-judicial foreclosure that includes title insurance protecting the Lender.

24. If Lender is the successful bidder at a foreclosure sale, the title company will not issue title insurance to Lender unless the Government Defendants withdraw the Lis Pendens, or the Court enters judgment confirming Lender's priority and that the Lis Pendens and any other interest asserted by the Government Defendants will be extinguished by the foreclosure.

25. Upon information and belief, the criminal prosecution of Bobo is ongoing, and USA, by and through Bondi and USDOJ, has yet to obtain a conviction of Bobo.

26. Upon information and belief, because the criminal prosecution is ongoing, USA, by and through Bondi and USDOJ, have not obtained an order or judicial decree pertaining to its request for asset forfeiture.

27. Upon information and belief neither USA, Bondi, nor USDOJ have obtained a preliminary writ, order, or judicial decree pertaining to its request for asset forfeiture.

28. Upon information and belief neither USA, Bondi, nor USDOJ have a judicially recognized or granted interest in the Property, yet USA still maintains the validity of the Lis Pendens.

29. At all times relevant hereto, USA, Bondi, and/or USDOJ's interest in the Property, to the extent such interest exists, was obtained solely through the Criminal Proceedings against Bobo, and the asset forfeiture request included therein.

30. At all relevant times hereto, USA, Bondi, and/or USDOJ's interest in the property, to the extent such interest exists, is subject to, subordinate to, and lacks priority over any and all interests in the Property held by Lender.

### Count I
### (Quiet Title)

31. Lender restates, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 – 30 above, all as if fully set forth herein.

32. At all relevant times there existed a certain statute codified at 28 U.S.C. § 2490a (the "Quiet Title Act").

33. Pursuant to the Quiet Title Act, the United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest.

34. Pursuant to the Quiet Title Act, this Court may hear and determine any and all rights, claims, and interests concerning the affected real property and adjudicate the same.

35. As set forth in this Complaint, Lender has a security interest in the Property, which interest includes a lien on the Property as broad as the legal descriptions for said Property.

36. As set forth in this Complaint, the Government Defendants claim an interest in the Property by virtue of their request for asset forfeiture attendant to the Criminal Proceedings brought against Bobo, which claim is and was memorialized in the recorded Lis Pendens.

37. As set forth in this Complaint, USA's prosecution of Bobo, and by virtue its request for asset forfeiture, are still ongoing, and no preliminary order of asset forfeiture has been requested or entered in that action.

38. The Government Defendants do not have a judicially granted or recognized judgment, lien and/or pre-judgment interest in the Property.

39. Any such interest that any one or more of the Government Defendants obtain will be subordinate to Lender's interest and should Lender foreclose on the Property, that foreclosure will extinguish any such interest.

WHEREFORE, as to Count I, Lender prays for a Judgment in its favor and against all Defendants quieting title in Lender's favor as follows:

A. The security interest of the Lender has priority over any right, title, or interest in the Property claimed or asserted by any one or more of the Government Defendants;

B. The Lender has proven a right to sell the Property at foreclosure;

C. If Lender sells the Property at foreclosure, the foreclosure will extinguish any right, title, or interest in the Property claimed or asserted by any one or more of the Government Defendants; and

D. For such other and further relief as the Court deems just and proper.

## Count II
### (Judicial Foreclosure – Bobo)

40. Lender restates, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 – 39 above, all as if fully set forth herein.

41. Pursuant to § 443.190(1) RSMo., Lender may file a petition against the debtor, debtor's successor, and/or the tenants or occupiers of the Property, setting forth

therein the substance of the DOT and praying that the Court enter judgment for the amount of the debt, that the equity of redemption be foreclosed and that the Property be sold to satisfy any amount(s) due.

42. By assignment, Lender is the valid and legal successor in interest to the original lender under the Note.

43. By assignment, Lender is also the valid and legal successor in interest to the original lender under the DOT.

44. Lender's interests in the DOT and Note are still in force and effect.

45. Pursuant to the terms of the Note, after assignment to Lender, Debtor was required to make monthly payments to Lender during the term of the Note.

46. Debtor is in breach of its obligations under the Note because Debtor failed to pay monthly payments under the Note when due and owing.

47. Lender provided notice of default pursuant to the terms of the Note.

48. Lender thereafter accelerated the amount due under the Note.

49. Lender has complied with all of its obligations under the Note and the DOT and has a legal right to sell the Property at foreclosure.

WHEREFORE, as to Count II, Lender prays for a Judgment in its favor and against all Defendants declaring and adjudging as follows:

A. That the Note is valid and enforceable; and

B. That Debtor is in default under the Note; and

C. That Lender has validly accelerated the balance of the Note; and

D. That the DOT is valid and enforceable; and

E. That Lender has proven a right to sell the Property at foreclosure;

E. That Lender's interest in the Property by virtue of the DOT and Note are valid, existing, and enforceable;

F. That Lender be granted an order of Judicial Foreclosure and that the Property be sold to satisfy the amount due on the Note; and

F. For such other and further relief as the Court deems just and proper.

## Count III
### (Declaratory Judgment).

50. Lender restates, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 – 49 above, all as if fully set forth herein.

51. At all relevant times there existed a certain statute codified at 28 U.S.C. § 2201 (the "Declaratory Judgment Act").

52. The Declaratory Judgment Act is remedial in nature and permits the court to adjudicate and declare the rights and other legal remedies of interested parties seeking such a declaration.

53. As set forth in this Complaint, Lender has a security interest in the Property, which interest includes a lien on the Property as broad as the legal descriptions for said Property.

54. Such security interest was made as of October 28, 2022 in accordance with Debtor's execution of the DOT.

55. Such security interest was vested in Lender as of June 8, 2023 by virtue of Lender's predecessor in interest assigning to Lender all rights and interests in the DOT and Note.

56. USA, by and through Bondi and USDOJ, now assert a legal interest and/or lien against the Property by and through the Lis Pendens, which interest, if it exists, came into being on or after October 25, 2023.

57. USA, by and through Bondi and USDOJ, either has no judicially decreed or enforceable interest in the Property, or obtained such interest in the Property, after Lender's interest was established and perfected.

58. Both parties currently claim a valid and enforceable interest in the Property.

59. Lender claims a superior interest and priority in the Property to all individuals and entities, whether known or unknown, including but not limited to USA.

60. USA, by and through Bondi and USDOJ, claim a superior interest and priority in the Property to that possessed by Lender.

61. Accordingly, a justiciable controversy exists between the parties with respect to which Party has superior interest and priority in the Property.

62. Plaintiff has no adequate remedy at law.

63. Plaintiff has and will continue to suffer irreparable harm, damage, and injury as a result of the foregoing dispute.

WHEREFORE, as to Count III, Lender prays for a Judgment in its favor and against all Defendants declaring as follows:

A. Lender has a valid, vested, bona fide, and perfected security interest in the Property pursuant to the terms of the DOT;

B. The security interest of the Lender has priority over any right, title, or interest in the Property claimed or asserted by any one or more of the Government Defendants;

C.   If Lender sells the Property at foreclosure, the foreclosure will extinguish any right, title, or interest in the Property claimed or asserted by any one or more of the Government Defendants; and

D.   For such other and further relief as the Court deems just and proper.

Dated: September 18, 2025                Respectfully submitted,

                                    UB GREENSFELDER LLP

By __/s/ Gregory C. Mollett_____
     Gregory C. Mollett, #50054
     GMollett@ubglaw.com
     Edward J. Radetic III, #72082
     Eradetic@ubglaw.com
     10 South Broadway, Suite 2000
     St. Louis, Missouri 63102
     (314) 345-5400
     (314) 345-4792 FAX

*Counsel for Plaintiff*